## Case No. 5,154.

### FULTON v. GILMORE.

[2 Flip. 260; 5 Reporter, 103; 10 Chi. Leg. News, 108; 2 Cin. Law Bul. 305; 24 Int. Rev. Rec. 108.] [1]

Circuit Court, N. D. Ohio. Oct., 1878.

Prentiss & Vorce, for plaintiff.
E. J. Estep, for defendant.

WELKER, District Judge. This action is founded upon a promissory note of the defendant for the sum of eight hundred dollars. With the petition the plaintiff filed an affidavit that the defendant had property, money and rights in action which he fraudulently concealed, and setting out particular facts as required in the Ohio Code, and asked an order of arrest, which was issued by the clerk of the court, and the defendant was arrested by the marshal. The affidavit was verified before George Wyman, a commissioner of this court.

The defendant moves a discharge from such arrest because the affidavit is not verified before an officer authorized to make the same. The authority of the commissioner to administer the necessary oath, presents the only question relied upon in the argument of the case.

The grounds for arrest of a defendant, and the mode of procuring it are provided in the Code of Civil Procedure of this state. Section 146 of the Code provides that "an order for the arrest of the defendant shall be made by the clerk of the court in which the action is brought, when there is filed in his office an affidavit of the plaintiff, his authorized agent or attorney, made before any judge of any court of the state, or clerk thereof, or justice of the peace, stating the nature of the plaitiff's claim, etc., and establishing one or more of the following particulars: * * *

3. "That he has property or rights of action which he fraudulently conceals." The defendant claims that the affidavit must be made before one of the officers above named, and if not so done the order of arrest cannot be issued.

Section 914 of the Revised Statutes of the United States provides that "the practice,

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission. 5 Reporter, 103, and 24 Int. Rev. Rec. 108, contain only partial reports.]

pleadings and forms and modes of proceeding in civil causes * * * in the circuit and district courts shall conform, as near as may be, to the practice, pleadings and forms and modes of proceeding existing at the time in like cases in the courts of record of the state within which such circuit or district courts are held."

Section 990 provides that "no person shall be imprisoned for debt in any state on process issuing from a court in the United States, where by the laws of such state imprisonment for debt has been or shall be abolished. And all modifications, conditions and restrictions upon imprisonment for debt, provided by the laws of any state, shall be applicable to the process issuing from the courts of the United States to be executed therein; and the same course of proceedings shall be adopted therein as may be adopted in the courts of such state."

Rule 1st of this court provides that "actions shall be commenced and prosecuted, and process shall be issued, endorsed, made returnable and served in the manner provided in the Code of Civil Procedure of the state of Ohio, except as otherwise provided in these rules, or in the laws of the United States applicable to special cases."

It will be seen from the above references that the practice in this class of cases of the state courts has been adopted and recognized, not literally, but substantially, or "as near as may be," in like proceedings in this court.

The question then arises whether, in applying the state laws to cases in this court, the verification of the necessary papers required to be made, in order to procure an arrest of a defendant, must be strictly confined to the officers named in the section of the Code, that is, judge or clerk of a court of the state, or justice of the peace, or whether the officers of the court who are authorized to administer oaths and verify papers used in the court, may not take such verification?

Section 945 of the Revised Statutes provides that "bail and affidavits when required or allowed in any civil cause in any circuit or district court may be taken by a commissioner of the circuit court for the district." Under this section, the commissioner before whom the affidavit was made had complete authority to take affidavits to be used in this court in all civil cases. But it is claimed inasmuch as this proceeding restrained the defendant of his liberty by his arrest, the law must be strictly complied with, and the affidavit producing that restraint must be made before one of the officers named in the Code. This seems to me an exceedingly narrow construction of the United States statutes adopting the practice and mode of proceedings of the state courts.

It was only intended by them, in this class of cases, to require the same grounds for arrest of a defendant, and to be made appear by affidavit, as was required by the state law, leaving the verifications to be made before such officers as are authorized to take such affidavits or verifications in this court, as well as to use the officers of this court to serve and execute process, or, in other words, use the official machinery of this court instead of the state court.

Any other construction would require a plaintiff to find a state judge, clerk, or justice of the peace, who is unknown to this court, to take the verification, and also require the arrest to be made by a sheriff instead of the marshal, thus making it exceedingly inconvenient to use such state mode of procedure.

The motion to discharge is therefore overruled.